IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRADLEY C. STARK, 69122-053,    )<br>         Petitioner,    )<br>    )<br>v.    )    No. 3:12-CV-3587-M<br>    )<br>WARDEN MARIA CRUZ,    )<br>         Respondent.    ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**I.    Type of Case**

Petitioner filed this petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner is a federal prisoner and is presently confined in the FCI Seagoville. He is proceeding *pro se*. Respondent is FCI Seagoville Warden Maria Cruz.

**II.    Statement of Case**

On January 18, 2012, a jury found Petitioner guilty of wire fraud and securities fraud. *United States v. Stark*, No. 3:08-CR-258-M (N.D. Tex.). On October 9, 2012, Petitioner was sentenced to a total of 276 months confinement, three years supervised release, and ordered to pay restitution in the amount of $13,048,215.84.

On June 21, 2012, Petitioner filed this petition arguing that the District Court in his criminal case improperly denied his motion for release pending sentencing, and that the Bureau of Prisons ("BOP") has unlawfully placed him in administrative segregation.

**III**.    **Discussion**

1.    **Release Pending Sentencing**

In Petitioner's criminal case, he argued that he should be released on bond until his sentencing because, among other reasons, he was unable to adequately defend himself while incarcerated. (Pet'rs July 2, 2012 Motion for Review). On July 3, 2012, the District Court denied Petitioner's motion for release. The Court determined that Petitioner failed to show by clear and convincing evidence that he was not a flight risk or that he did not pose a danger to the safety of the community pursuant to 18 U.S.C. § 3143.

In the instant petition, Petitioner improperly seeks to relitigate the District Court's decision denying him release pending sentencing. Additionally, Petitioner's claim is moot. He was sentenced on October 9, 2012. His claim should therefore be denied.

2.    **Administrative Segregation**

Petitioner argues the BOP improperly placed him in administrative segregation without due process. He also states confinement in administrative segregation deprives him of exercise, sleep, social contact and environmental stimulation and also subjects him to mosquitos, insects and high temperatures.

A petition for writ of habeas corpus is the appropriate means for a prisoner to challenge the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Jackson v. Johnson*, 475 F.3d 261, 263 n.2 (5th Cir. 2007). On the other hand, a civil rights action is an appropriate vehicle for challenging illegal administrative procedures or the conditions of confinement. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (stating that a petition for writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody,

whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (same).

In determining whether a prisoner must pursue habeas corpus relief or a civil rights action, the Fifth Circuit has stated that if "a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release," then the proper vehicle is a civil rights suit. *Orellana*, 65 F.3d at 31.  In this case, a ruling granting Petitioner's claim would not automatically entitle him to speedier release from prison.  Petitioner is thus not entitled to relief pursuant to § 2241.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be DENIED.

Signed this 17TH day of October, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).